

FILED

MAR 15 2023

Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 3:23-CR- 36 |
| v. ) | JUDGES Varlan / Poplin |
| ▇▇▇ ) | |
| MARCELUS PHILLIPS, ) a/k/a "Jefe," ) | |
| ▇▇▇ ) | |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that, from March 15, 2018, through on or about March 15, 2023, within the Eastern District of Tennessee and elsewhere, the defendants, ▇▇▇ ▇▇▇ MARCELUS PHILLIPS, a/k/a "Jefe," ▇▇▇ ▇▇▇ and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority combine, conspire, confederate and agree to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, a quantity of N-(1-phenethylpiperidin-4-yl)-N-phenylacetamide (acetyl fentanyl), a Schedule I controlled substance, a quantity of heroin, a Schedule I controlled substance, and a quantity of hydromorphone, a Schedule II controlled substance, all in violation of Title 21, United States

Code, Sections 846 and 841(a)(1).

<u>Conspiracy Quantities of Fentanyl, Acetyl Fentanyl, Heroin, and Hydromorphone</u>

1. With respect to ▇▇▇▇▇▇▇▇▇▇ and MARCELUS PHILLIPS, a/k/a "Jefe," the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, a quantity of acetyl fentanyl, a Schedule I controlled substance, a quantity of heroin, a Schedule I controlled substance, and a quantity of hydromorphone, a Schedule II controlled substance, thereby making the offense punishable under Title 21, United States Code, Sections 841(b)(1)(A) and 841(b)(1)(C); and

2. With respect to ▇▇▇▇▇▇▇▇▇▇ the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of fentanyl, a Schedule II controlled substance, a quantity of heroin, a Schedule I controlled substance, a quantity of acetyl fentanyl, a Schedule I controlled substance, and a quantity of hydromorphone, a Schedule II controlled substance, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(C).

**COUNT TWO**

The Grand Jury further charges that, from March 15, 2018, through on or about March 15, 2023, in the Eastern District of Tennessee and elsewhere, the defendants, ▇▇▇▇ and MARCELUS PHILLIPS, a/k/a "Jefe," did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another and others to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956, to

wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the transfer and delivery of U.S. currency which involved the proceeds of a specified unlawful activity, that is the conspiracy to distribute four hundred (400) grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of acetyl fentanyl, a Schedule I controlled substance, heroin, a Schedule I controlled substance, and hydromorphone, a Schedule II controlled substance, with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal or disguise the source, origin, nature, ownership, or control of the proceeds of the specified unlawful activity, that is, the conspiracy to four hundred (400) grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i); 1956(a)(1)(B)(i); and 1956(h).

## COUNT THREE

The Grand Jury further charges that on or about June 28, 2019, in the Eastern District of Tennessee, the defendants, MARCELUS PHILLIPS, a/k/a "Jefe," aided and abetted by one another, did knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, as set forth in Count One of this Indictment, the description of which is fully incorporated herein, in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT FOUR

The Grand Jury further charges that, on or about June 28, 2019, within the Eastern District of Tennessee, the defendant, ▮▮▮▮▮▮▮▮▮▮ knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess firearms and ammunition, and those firearms and ammunition having been transported in interstate commerce, in violation Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE

The Grand Jury further charges that, on or about August 8, 2021, in the Eastern District of Tennessee, the defendant, ▮▮▮▮▮▮▮▮▮▮ did knowingly possess with intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and/or 841, as set forth in Counts One and Two of this Indictment, the defendants, ▮▮▮▮▮▮▮▮▮▮ MARCELUS PHILLIPS, a/k/a "Jefe," ▮▮▮▮▮▮▮▮▮▮ shall forfeit to

the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to the following:

### Money Judgment

Proceeds the defendants, ███████████████████ MARCELUS PHILLIPS, a/k/a "Jefe," ███████████████████ personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846 from the sale of controlled substances.

### U.S. Currency and Firearms

a. $41,850 in U.S. currency seized on September 30, 2020;

b. Smith & Wesson, Model Shield, .45 caliber handgun;

c. Glock 19, 9mm caliber handgun;

d. Taurus G2, 9mm caliber handgun;

e. Taurus, .25 caliber handgun; and

f. Ammunition.

Upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A) and (B), and 922(g)(1), as set forth in Counts Three and Four of this Indictment, the defendants, MARCELUS PHILLIPS, a/k/a "Jefe," ███████████████████ shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense.

a. Smith & Wesson, Model Shield, .45 caliber handgun;

b. Glock 19, 9mm caliber handgun;

c.  Taurus G2, 9mm caliber handgun;

    d.  Taurus, .25 caliber handgun; and

    e.  Ammunition.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendants shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

*B*t N.*Q*
BRENT N. JONES
Assistant United States Attorney